UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

March 31, 2011

William James Nicoll, Esq.
Jenkins Block & Assocs. P.C.
1040 Park Avenue
Baltimore, MD 21201

Alex S. Gordon, AUSA
36 South Charles Street
4th Floor
Baltimore, MD  21201

**Re: John F. Thomson v. Michael J. Astrue, Commissioner of Social Security, PWG-08-3252**

Dear Counsel:

Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Mr. Thomson's claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF Nos. 9,22,38).  This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996);  *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  A hearing is unnecessary. Local Rule 105.6.  For the reasons that follow, this Court **DENIES** the Plaintiff's Motion and **GRANTS** the Commissioner's Motion.

Mr. Thomson (sometimes referred to as "Claimant") filed applications for SSI and DIB on March 3, 2004, alleging that he became disabled on June 7, 2003, due to borderline intellectual functioning, epilepsy, high cholesterol, coronary artery disease, and obesity.(Tr. 20-21, 68, 81).  After his claims were denied initially and on reconsideration, a hearing was held before an Administrative Law Judge ("ALJ"), the Honorable Robert W. Young, after which an unfavorable decision dated April 28, 2006 was issued. The Appeals Council granted Claimant's request

for review and vacated the ALJ's decision. Another hearing was held on July 23, 2007 before the same ALJ.  The ALJ issued another unfavorable decision dated September 24, 2007. (Tr. 17-28). The ALJ found that although Mr. Thomson's seizure disorder and organic mental disorder were "severe impairments" as defined in the Regulations, they did not meet or equal a listed impairment. The ALJ also found that the Claimant retained the residual functional capacity ("RFC") to perform all exertional ranges of work however, nonexertionally he required work that allowed for: markedly limited ability to understand, remember, and carry out detailed instructions; moderately limited ability to maintain attention and concentration for extended periods; ability to complete a normal workday and workweek without interruption from psychologically based symptoms and moderately limited ability to interact appropriately with the general public and accept instructions and respond appropriately to supervisors. (Tr. 24). Based on this RFC, age and education and after consulting with a vocational expert "VE" the ALJ found Claimant was able to perform his past relevant work ("PRW") as a dining room attendant at McDonald's.  Accordingly, the ALJ denied Mr. Thomson's claims. (Tr. 17-28).  On October 3, 2008, the Appeals Council denied Mr. Thomson's request for review, making the ALJ's decision the final, reviewable decision of the Commissioner.(Tr. 6-9).  This appeal followed.

   The Commissioner's decision must be upheld if supported by substantial evidence which is more than a scintilla, but less than a preponderance, and sufficient to support a conclusion in a reasonable mind. *See* 42 U.S.C. §405(g) (1998); *see also King v. Califano*, 599 F.2d 597 (4th Cir. 1979); *Teague v. Califano*, 560 F.2d 615 (4th Cir. 1977); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966). This Court may not weigh conflicting evidence, determine credibility, or substitute its judgment for the Commissioner's. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Although deferential, this standard of review does not require acceptance of a determination by the Commissioner which applies an improper standard, or misapplies the law.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Following its review this Court may affirm, modify or reverse the Commissioner, with or without a remand. *See* 42 U.S.C.§405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

    Claimant presents three arguments in support of his contention that the ALJ's decision that he was not entitled to a

2

closed period of disability[1] is not supported by substantial evidence. For the reasons that follow, I disagree and **AFFIRM** the ALJ's decision.

First, Claimant argues that the VE testimony does not support a finding that he is capable of performing his past relevant work. Specifically, in determining the requirements of his PRW, Claimant argues the ALJ erred by failing to acknowledge differences in the duties he performed between the two different McDonalds where he worked and that there was inadequate information about the duties of his PRW. *See* Plaintiff's Motion, pp. 5-6. I disagree.

The ALJ stated that his decision regarding Mr. Thomson's ability to perform his PRW as it was actually and generally performed was based on the VE's testimony at the hearing. The Claimant's own testimony about his work was also discussed in the ALJ's decision. (Tr. 26-27). Contrary to Claimant's assertion, I find that the ALJ's discussion and his subsequent findings regarding Mr. Thomson's PRW is sufficient and in accordance with the applicable regulations. For example, at the administrative hearing the ALJ asked Mr. Thomson what type of work he previously performed, how much lifting was involved, and how much of his time was spent sitting and standing. (Tr. 423-428). The ALJ also referred to and discussed Mr. Thomson's employment at McDonalds for 14 years, including the reasons why he stopped working in 2003.( Tr. 26, 429). The Claimant provided detailed information about his previous work on his disability report and in testimony. (Tr. Id.). The method utilized by the ALJ was proper and in accordance with SSR 82-62 which, in relevant part, states:

> [t]he claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level, exertional demands and nonexertional demands of such work. *See* SSR 82-62 (1982 WL 31386 * 3 (S.S.A.)).

---

[1] Claimant argues that he is entitled to a period of disability benefits from June 7, 2003 to January 19, 2007. In January 2007 Mr. Thomson returned to full time employment as a dining room attendant at McDonalds. (Tr. 423).

In this case, the ALJ made appropriate inquiries and it was proper for him to rely on Claimant's testimony and the VE as sources for vocational information. 20 CFR §404.1566. Thus, there is adequate information in the record to support the ALJ's determination about the exertional and nonexertional demands of Mr. Thomson's past relevant work and his ability to perform those duties.

Claimant also argues that the ALJ erred by failing properly to evaluate his obesity in determining whether he was disabled. The Court is not persuaded that the ALJ failed to consider the effects of Mr. Thomson's weight pursuant to SSR 02-1p during the pertinent time period. Mr. Thompson argues that he had a Body Mass Index "BMI"[2] of over 38--not the 26.4 as the ALJ found. He argues that based on his height and weight, and his request for a closed period of disability, the ALJ should have given adequate consideration to his obesity as it existed in the years 2004-2007. *See* Plaintiff's Motion, pp. 6-7. A person's BMI is not conclusive evidence that they suffer from obesity, or more importantly, that it is a severe impairment. SSR 02-1p, in relevant part, states:

> "**There is no specific level of weight or BMI that equates with a "severe" or a "not severe" impairment**. Neither do descriptive terms for levels of obesity (e.g., "severe," "extreme," or "morbid" obesity) establish whether obesity is or is not a "severe" impairment for disability program purposes."
> *See* SSR 02-1p (2000 WL 628049, *4(S.S.A.))(Emphasis added).

The ALJ did not ignore Mr. Thomson's alleged obesity. For example, the ALJ discussed Dr. Parente's statement that in 2004 Mr. Thomson was overweight but also noted the doctor's statement that he "did not display any problem with movement, gait, or posture." (Tr. 117). Claimant has not directed the Court's attention to -- nor does the Court find -- any notations made by Mr. Thomson's doctors, or the Agency reviewers, which concluded

---

[2] BMI is the ratio of an individuals weight in kilograms to the square of his or her height in meters. (kg/m2).

that his weight adversely affected his ability to function beyond the ALJ's discussion of Mr. Thomson's weight. *See* 20 CFR §416.912 (Evidence of your impairment). In sum, I do not find that the ALJ failed to consider the effects of Mr. Thomson's alleged obesity in violation of SSR-02-1p.

Finally, Mr. Thomson argues that there was no evidence to support a finding that his claim was reviewed at the reconsideration level by an examiner with "medical credentials." The Commissioner responds that Dr. Morog reviewed the file, and cites the pertinent pages where the doctor's signature is found in the record to support this statement. (Tr. 203). Accordingly, I agree that Claimant's argument has no merit.

In sum, when viewed in its entirety, as is required, the evidence in the record supports the ALJ's determination that Claimant did not qualify for a closed period of benefits. Therefore, I am **DENYING** Plaintiff's Motion for Summary Judgment, and **GRANTING** Defendant's Motion for Summary Judgment. A separate Order shall issue.

DATED: 3/31/11                    ___/s/_____
                                  Paul W. Grimm
                                  United States Magistrate Judge